IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JEREMIAH BILLS, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 7:24-cv-00130-BP |
| | § | |
| CHIEF DEPUTY MARK WILLIAMS | § | |
| *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

In this civil rights case, Jeremiah Bills sues Hardeman County Chief Deputy Sheriff Mark Williams and Deputy Sheriff Keaton Marlow in their official capacities for unlawfully seizing him in violation of the Fourth Amendment and for maliciously prosecuting him under 42 U.S.C. § 1983. ECF No. 1. Now before the Court are the Defendants' Motion to Dismiss (ECF No. 4), Bills's Response (ECF No. 6), and Defendants' Reply (ECF No. 7). After considering the Motion, pleadings, and applicable legal authorities, the Court **GRANTS** Defendants' Motion (ECF No. 4) and **DISMISSES** Bills's Complaint with leave to amend.

## I.    BACKGROUND

The Court relies on the Complaint for the following description of the facts. ECF No. 1. On June 2, 2022, Deputy Williams filed an affidavit alleging that Bills committed the state law offense of Interference with Child Custody. *Id*. at 3. Deputy Williams based his affidavit on an interview conducted with G.N.W., a minor. *Id*. Based on the affidavit, Bills was arrested on May 12, 2022. *Id*. at 4. Twelve days later, Bills was released from custody on bond. *Id*. Bills provided text messages between himself and G.N.W. to support his argument that he did not commit the actions alleged against him. *Id*. at 3; ECF No. 4 at 2. On September 29, 2022, the charges were

dismissed. ECF No. 1 at 4. Bills alleges that G.N.W.'s guardian coerced G.N.W. into making the false report to law enforcement officers. *Id*. at 3-4.

Williams and Marlow move to dismiss Bills's claims under Federal Rule of Civil Procedure 12(b)(6), asserting that Bills did not allege facts that they acted without probable cause and were not acting under a valid warrant when they arrested Bills. ECF No. 4 at 2, 4. They also argue that because they arrested Bills with probable cause and without malicious intent, Bills failed to state a claim for malicious prosecution. *Id*. at 5. They also assert that Bills is not entitled to punitive damages as a matter of law. *Id*. at 6. Finally, they plead qualified immunity if the Court determines that Bills sues them in their personal capacity. *Id* at 6.

In Response, Bills argues that the affidavit underlying his arrest warrant did not identify a crime and thus was facially insufficient. ECF No. 6 at 2. He also states that his Complaint meets the elements of malicious prosecution. *Id*. at 9. Bills "abandons his claim for punitive damages," and asserts that qualified immunity is a legal fiction and that Defendants are not entitled to assert it because their actions were not reasonable under existing law at that time. *Id*. at 10, 16.

In their Reply, Defendants assert that Bills's arrest warrant stated sufficient facts to show that a crime probably occurred. ECF No. 7 at 2. They also argue that Bills seems to concede that he cannot plead a lack of probable cause for arrest, which is necessary to plead malicious prosecution claim, and that they are entitled to qualified immunity. *Id*. at 3-5.

## II.    LEGAL STANDARD

### A.    Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim for relief, Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(1). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Rather, a complaint must include enough facts "to raise a right to relief above the speculative level" with the court operating "on the assumption that all the allegations in the complaint are true." *Id.*

District courts "can grant a motion to dismiss only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Leffall v. Dall. Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)). Thus, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). When considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff… and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

In ruling on a motion to dismiss, courts may consider documents outside the complaint that are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Additionally, courts may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the

complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citation and quotation marks omitted).

There is a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible, the Fifth Circuit recommends suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings, "unless it is clear that the defects are incurable." *Great Plains Tr. Co.*, 313 F.3d at 329. An "incurable defect" may arise when a complaint's facts are "not actionable as a matter of law." *Taubenfeld v. Hotels.com*, 385 F. Supp. 587, 592 (N.D. Tex. 2004). In such situations, amendment would be futile, and dismissal without leave to amend is appropriate. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

**B.    42 U.S.C. § 1983**

Section 1983 does not provide any substantive rights, but instead "provides a method for vindicating already conferred rights." *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 412 (5th Cir. 2015). "Section 1983 provides a claim against anyone who under color of any statute, ordinance, regulation, custom, or usage, of any State violates another's constitutional rights." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). "To state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under

color of state law.'" *James v. Tex. Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)).

### C.    Qualified Immunity

"Qualified immunity protects government officials performing discretionary functions from liability for civil damages insofar as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982)); *see also Siegert v. Gilley*, 500 U.S. 226, 231 (1991) (stating qualified immunity "must be pleaded"). It is an "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

When determining whether an official can claim qualified immunity, courts engage in a two-step analysis: "(1) whether the facts that a plaintiff has shown establish a violation of a constitutional right; and (2) whether the right was clearly established at the time of the defendant's alleged misconduct." *Wilkerson v. Goodwin*, 774 F.3d 845, 851 (5th Cir. 2014). The second prong involves "two separate inquiries: whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendants was objectively unreasonable in the light of that then clearly established law." *Hare v. City of Corinth, Miss.*, 135 F.3d 320, 326 (1998). The Court may decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson,* 555 U.S. at 236 (2009).

To be clearly established, the "contours of the right must be sufficiently clear that a reasonable official would understand that what [s]he is doing violates that right." *Anderson v.*

*Creighton*, 483 U.S. 635, 640 (1987). The Fifth Circuit requires that the law "so clearly and unambiguously prohibited the violative conduct that 'every reasonable official would understand that what [s]he is doing violates the law.'" *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). The Supreme Court does "not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741.

Once an official asserts qualified immunity, the burden shifts to the plaintiff to rebut the defense. *Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

## III.    ANALYSIS

### A.    Bills does not allege a constitutional violation under Section 1983.

Bills claims that Defendants violated his rights under the Fourth Amendment to the United States Constitution by falsely arresting him under a warrant that was not based on probable cause. ECF No. 1 at 4. He asserts that the affidavit underlying the warrant was facially invalid because it failed to identify a crime or articulate probable cause. *Id*. In addressing Bills's claim, the Court considers the affidavit and warrant because they are: (1) attached to the motion to dismiss; (2) referenced in the Complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

Generally, federal courts apply state law when determining the legality of an arrest by a state officer for a state offense. *Hart v. O'Brien*, 127 F.3d 424, 439 (5th Cir. 1997). But, because

Bills is proceeding under § 1983, he alleges that he was deprived rights secured by the United States Constitution, and therefore, the Court looks to federal law. *Id*.

The Fourth Amendment, as applied to the states through the Fourteenth Amendment, protects individuals from unreasonable searches and seizures. "A seizure of the person within the meaning of the Fourth and Fourteenth Amendments occurs when, 'taking into account all of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business.'" *Kaupp v. Texas*, 538 U.S. 626, 629, (2003) (quoting *Florida v. Bostick*, 501 U.S. 429, 437 (1991) (internal citations omitted)). Bills's arrest qualifies as a seizure within the meaning of the Fourth Amendment, but the issue for the Court is whether it was an unreasonable seizure.

Unless a specific exception applies, a law enforcement officer must have a warrant approved by a judge or magistrate before making an arrest. *See Thompson v. Louisiana*, 469 U.S. 17, 19-20 (1984) (stating that "'searches [and seizures] conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment-subject only to a few specifically established and well delineated exceptions'") (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)).

If probable cause supports a facially valid warrant, an arrest pursuant to such a warrant does not result in a Fourth Amendment violation. *Baker v. McCollan*, 443 U.S. 137, 143-44 (1979). Here, the undisputed facts show that Defendants had a warrant for Bills's arrest. Bills claims that even so, his arrest was illegal since the warrant "was never facially valid because the affidavit of probable cause did not identify or articulate probable cause for the warrant to be issued." ECF No. 6 at 2. However, this conclusory allegation does not make it so. Bills does not allege specific facts showing the absence of probable cause. Instead, he offers legal conclusions that the affidavit was

facially invalid. But "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Though Bills asserts that the affidavit underlying the warrant was facially invalid because it failed to identify a crime or articulate probable cause, the affidavit and arrest warrant listed "Interference with Child Custody penal code 25.03 (a)(1), a State Jail Felony," as a crime. *See* ECF Nos. 1 at 4; 4-1 at 1, 3. Moreover, the affidavit contains sufficient factual allegations to support an inference that Bills committed the crime listed, and therefore the warrant was facially valid. "The sole issue [under the Fourth Amendment] is whether there is probable cause for detaining the arrested person pending further proceedings." *Baker*, 443 U.S. at 143.

Probable cause means a "fair probability" that the defendant committed the crime, which requires more than a "bare suspicion" but less than a preponderance of the evidence. *Melancon v. Walsh*, No. 24-30232, 2025 WL 429977, at *4 (5th Cir. Feb. 7, 2025) (internal quotations omitted). "Probable cause does not require proof beyond a reasonable doubt; a magistrate [judge] need only have a substantial basis for concluding that a search would uncover evidence of wrongdoing." *United States v. Perez*, 484 F.3d 735, 740 (5th Cir. 2007). "Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Carthon v. Prator*, 408 F. App'x 779, 782 (5th Cir. 2010). It "is not a high bar." *Espinal v. City of Hou.*, 96 F.4th 741, 745 (5th Cir. 2024). All that is needed is a "fair probability that the suspect has committed a crime." *Id*. The likelihood that the suspect has committed a crime "need not reach even the fifty percent mark." *Id*.

The Court greatly defers to the magistrate's determination of probable cause. *See United States v. May*, 819 F.2d 531, 535 (5th Cir.1987) (citing *Illinois v. Gates*, 462 U.S. 213, 236 (1983)).

In a close case, a warrant is to be presumed valid even though "'it may not be easy to determine when an affidavit demonstrates the existence of probable cause[.]'" *United States v. Phillips*, 727 F.2d 392, 399 (5th Cir.1984) (quoting *Gates*, 462 U.S. at 236–37). "Probable cause is evaluated utilizing a totality of the circumstances test." *United States v. Campos*, No. 3:09-cr-276-D, 2010 WL 445932, at *6 (N.D. Tex. Feb. 9, 2010) (citing *United States v. Dickey*, 102 F.3d 157, 162 (5th Cir. 1996)). The reviewing court should look to whether "the magistrate was provided with sufficient reliable information from which he could reliably conclude that the items sought in the warrant were probably at the location sought to be searched." *United States v. Wake*, 948 F.2d 1422, 1428 (5th Cir.1991) (internal quotation marks and citation omitted).

The probable cause affidavit supporting Bills's arrest warrant recites facts supporting probable cause relating to a cognizable offense. *See Baker*, 443 U.S. at 143-44. The interview of the child evidenced "from the standpoint of an objectively reasonable police officer[,] ... a probability or substantial chance of criminal activity." *D.C. v. Wesby*, 583 U.S. 48, 56–57 (2018). The affidavit provided facts to show that Bills took a child outside of an approved area defined in a prior Court Order in violation of "Interference with Child Custody penal code 25.03 (a)(1), a State Jail Felony." ECF No. 4-1 at 1. The facts in the affidavit support an inference that Bills intended to deprive the court ordered guardian custody of the child because he did not have permission to take the minor to "an unnamed truck stop." *Id*. These recitations in the affidavit establish an inference that Bills committed the crime named in the warrant. *Deville v. Marcantel*, 567 F.3d 156, 165 (5th Cir. 2009) (An arrest warrant only requires probable cause, which is "only a probability or substantial chance of criminal activity, not an actual showing of such activity.") (internal citations omitted).

9

As a result, Bills does not plausibly allege the absence of a crime or probable cause in the warrant and does not state a claim for a violation of the Fourth Amendment. Because he does not assert facts showing a constitutional violation, Bills cannot recover under § 1983 for a violation of his Fourth Amendment rights.

> **B.    Bills does not state a claim to challenge the truthfulness of an affidavit underlying an arrest warrant because the defendants were not obligated to conduct a further investigation before applying for a warrant.**

Bills also alleges that the arrest warrant did not contain probable cause for his arrest because the affidavit underlying the warrant was based on intentional or recklessly false statements. *See* ECF No. 6 at 2.

In *Franks v. Delaware*, 438 U.S. 154 (1978) the Supreme Court determined that criminal defendants have a limited right under the Fourth and Fourteenth Amendments to challenge the truthfulness of factual statements made in affidavits supporting search warrants, subsequent to the *ex parte* issuance of the warrant. 438 U.S. at 155–56; s*ee also Hughes v. Garcia*, 100 F.4th 611 (5th Cir. 2024) (analyzing a *Franks* claim in the context of a suit brought under § 1983). Further, "[t]here is ... a presumption of validity with respect to the affidavit supporting the search warrant." *Franks*, 438 U.S. at 171. *Franks* requires that a "warrant must be voided if the defendant shows by a preponderance of the evidence that the affidavit supporting the warrant contained a false statement made intentionally or with reckless disregard for the truth and, after setting aside the false statement, the affidavit's remaining content is insufficient to establish probable cause." *United States v. Ortega*, 854 F.3d 818, 826 (5th Cir. 2017) (citing *Franks*, 438 U.S. at 155–56).

In *Franks*, "the Supreme Court held an officer violates the Fourth Amendment if he deliberately or recklessly provides false information necessary to secure an arrest warrant." *Laviage v. Fite*, 47 F.4th 402, 406 (5th Cir. 2022). To prevail on a *Franks* claim, "plaintiffs must

show that (1) the affidavit supporting a warrant contained false statements or material omissions; (2) the affiant made such false statements or omissions knowingly and intentionally, or with reckless disregard for the truth; and (3) the false statements or material omissions were necessary to the finding of probable cause." *Davis v. Hodgkiss*, 11 F.4th 329, 333 (5th Cir. 2021).

*Franks* requires more than bare assertions of falsehood to invalidate a warrant. *Terwilliger v. Reyna*, 4 F.4th 270, 283 (5th Cir. 2021). "At the motion to dismiss stage, plaintiffs need only 'point out specifically the portion of the warrant affidavit that is claimed to be false ... accompanied by a statement of supporting reasons.'" *Hughes*, 100 F.4th at 620 (quoting *Terwilliger*, 4 F.4th at 283 (5th Cir. 2021). By pleading such facts, "[p]laintiffs [meet] their burden of alleging a *Franks* violation sufficient to withstand the test of *Iqbal/Twombly*, [but] if they press [the] litigation, they must offer tangible proof to overcome the 'presumption of validity with respect to the affidavit supporting the warrant.'" *Hughes*, 100 F.4th at 620.

Assuming that the statements in the affidavit based on the minor's interview were false, as the Court must do at the Motion to Dismiss stage of the case, the Court turns to whether Bills has pleaded facts to show that Williams made his statements knowingly or with reckless disregard for the truth. *See Iqbal*, 556 U.S. at 677-78. As discussed above, the defendants may only be liable for a *Franks* violation if they produced information containing false statements or material omissions made with at least "reckless disregard for the truth." *Hughes*, 100 F. 4th at 621 (quoting *Winfrey v. Rogers*, 901 F.3d 483 (5th Cir. 2018)).

Bills assert that Defendants would have known that he was not engaged in any criminal conduct "had they done even a basic investigation" and that they were negligent in not attempting to verify the minor's claims by interviewing Bills before arresting him. ECF No. 6 at 3-5. This "bare assertion of falsehood," does not support the conclusion that Defendants acted with knowing

or reckless disregard of the truth. *See Terwilliger*, 4 F.4th at 283. The facts as pleaded at most amount to a claim of negligence, but the *Franks* standard requires at least recklessness. Though Bills asserts that the defendants were negligent, they respond that Williams had probable cause to believe Bills had committed a crime based on the minor's interview. "Probable cause does not require officers to rule out a suspect's innocent explanation for suspicious facts." *Prim v. Stein*, 6 F.4th 584, 594 (5th Cir. 2021) (quoting *Wesby*, 583 U.S. at 588). Bills's assertions about what the officers should have known are unsupported. Without specific facts supporting his assertions, the Complaint does not meet the *Iqbal* pleading standard.

Bills also alleges that the charges against him were later proven false, "indicating that the allegations [contained in the affidavit underlying the warrant] were … made without probable cause," and that this supports an inference of recklessness. ECF No. 1 at 4. "But it is not enough for [Bills] to argue that he was innocent of the crime that he was arrested for because 'innocent behavior frequently will provide the basis for a showing of probable cause.'" *Tinoco v. City of Hidalgo, Texas*, No. 23-40543, 2025 WL 655079, at *6 (5th Cir. Feb. 28, 2025) (quoting *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983)). Further, Bills argues that many of the individual facts described in the affidavit are "not [] crime[s] or criminal act[s]... [and the affidavit] didn't articulate a criminal act" ECF No. 6 at 2-3. This argument, however, is unpersuasive as "it is not this court's task to determine whether a defendant could be convicted under a statute." *Id*. (citing *Brumfield Jones*, 849 F.2d 152, 155 (5th Cir.)).

Finally, Bills criticizes Defendants for failing to conduct further investigation before seeking an arrest warrant. *See* ECF No. 1 at 3-4. However, persuasive case law indicates that law enforcement is not required to obtain potentially dispositive information in its warrant affidavit. *See Jones v. City of Grand Prairie*, No. 3:97-cv-1907-H, 1999 WL 21047, at *5 (N.D. Tex. Jan.

6, 1999), *aff'd in part sub nom.*, *Jones v. City of Grand Prairie, Texas*, 209 F.3d 719 (5th Cir. 2000) (the investigating detective "was not under a duty to fully investigate all evidence that could have exonerated Plaintiff before seeking an arrest warrant."); *Parker v. Thaler*, No. 3-09-cv-0421-B, 2010 WL 1779657, at * 5 (N.D. Tex. Mar. 4, 2010), *rec. adopted*, 2010 WL 1779656 (N.D. Tex. Apr. 30, 2010) ("The court is unaware of any affirmative duty on the part of law enforcement to develop evidence to support an accused's defense."); *United States v. Edwards*, No. 1:20-cr-068-H, 2021 WL 7278984, at *9 (N.D. Tex. Aug. 24, 2021), *aff'd*, No. 22-10206, 2023 WL 234147 (5th Cir. Jan. 17, 2023); *United States v. Gourde*, 440 F.3d 1065, 1073 n.5 (9th Cir. 2006). "[F]ailure to investigate fully is not evidence of an affiant's reckless disregard for the truth.... Probable cause 'does not require an officer to exhaust every possible lead, interview all potential witnesses, and accumulate overwhelming corroborative evidence.'" *United States v. Dale*, 991 F.2d 819, 844 (D.C. Cir. 1993) (citations omitted). The omission of other investigative steps or other information from the affidavit does not render it intentionally or recklessly misleading.

The facts pleaded in the Complaint and relevant case law do not support Bills's assertion that Defendants acted negligently, recklessly, or knowingly. Defendants' application for a warrant, even without investigating other possible explanation for the minor's travel outside of Hardeman County, is not material here because there was a sufficient basis for probable cause without its inclusion. As a result, Bills fails to state a claim that the defendants acted at least recklessly in applying for an arrest warrant.

### C.    Bills does not state a malicious prosecution claim.

"The Supreme Court recently held that litigants may bring a Fourth Amendment malicious prosecution claim under § 1983." *Armstrong v. Ashley*, 60 F.4th 262, 278 (5th Cir. 2023)

(referencing *Thompson v. Clark*, 596 U.S. 36 (2022)). The Supreme Court identified "three minimum elements" for common law malicious prosecution claims including:

> (i) the suit or proceeding was instituted without any probable cause; (ii) the motive in instituting the suit was malicious, which was often defined in this context as without probable cause and for a purpose other than bringing the defendant to justice; and (iii) the prosecution terminated in favor of the accused.

*Thompson*, 596 U.S. at 44 (internal citations omitted). "The Supreme Court did not, however, lay out a comprehensive list of the elements for a Fourth Amendment malicious prosecution claim, and largely left the question of elements to the lower courts." *Armstrong*, 60 F.4th at 278.

After *Thompson*, the Fifth Circuit set out the following six elements to a Fourth Amendment malicious prosecution claim:

> (1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages.

*Espinal*, 96 F.4th at 748 (citing *Armstrong*, 60 F.4th at 278-79).

The parties do not contest the first three elements of Bills's malicious prosecution. The defendants argue that probable cause supported the affidavit at issue and that Bills did not allege any intent or improper motive on the part of either defendant. ECF No. 4 at 5. They likewise deny that either defendant acted maliciously in using the information from the minor's interview to apply for an arrest warrant. ECF No. 4 at 5. Bills responds that there are no facts in the affidavit of arrest that support an inference that probable cause existed when the magistrate issued the warrant and points to facts pleaded only in response to the Motion to Dismiss that malice existed. ECF No. 6 at 6-9. In his Complaint however, Bills pleads that the defendants showed malicious prosecution by demonstrating that there was no probable cause supporting the affidavit and that

the prosecution of the case against him ended without a conviction due to a lack of probable cause. ECF No. 1 at 3.

Bills's claims fail because he does not plausibly allege the absence of probable cause as required under *Espinal*. As discussed above, the Complaint and documents attached to the Motion to Dismiss demonstrate that the arrest warrant was valid and based on probable cause. Bills's conclusory assertions that the affidavit was not supported by probable cause or failed to identify a crime does not satisfy the pleading standards under *Iqbal*.

Further, when ruling on a motion to dismiss, the court does not consider additional facts that are alleged in a response brief but not in the complaint. *See Leal v. McHugh*, 731 F.3d 405, 407 n.2 (5th Cir. 2013); *Roubinek v. Select Portfolio Servicing Inc*., 2012 WL 2358560, at *3 n.2 (N.D. Tex. June 21, 2012) (citing *Sw. Bell Tel., LP v. City of Hous.*, 529 F.3d 257, 263 (5th Cir. 2008) ("[W]hen deciding, under Rule 12(b)(6), whether to dismiss for failure to state a claim, the court considers, of course, only the allegations in the complaint.")). Accordingly, the Court only considers the facts pleaded in the Complaint and the documents attached to the Motion to Dismiss that the Complaint specifically references.

Bills does not adequately plead facts to demonstrate that the defendants acted with malice. He does not allege any intent or motive for either Defendant to have acted maliciously in using the information the minor provided in drafting the affidavit supporting the arrest warrant. Further, Bills's assertion that malice existed when he was arrested and the prosecution ended due to a lack of probable cause is conclusional and unpersuasive.

### D.    Qualified immunity does not apply to Bills's claims against Defendants.

Bills sues Williams and Marlow in their official capacities. The Complaint caption lists both defendants "in [their] official capacities." ECF No. 1 at 1. Further, the Complaint states that

Williams "was at all pertinent times a Chief Deputy," Marlow "was at all pertinent times a Deputy," and both were "employed by the Hardeman County Sheriff's Office and [were] at all pertinent times acting under color of state law in the performance of [their] duties as a Hardeman County Sheriff's Deputy" *Id*. at 2. Qualified immunity applies to claims against government officials in their individual capacities and not their official capacities. *See Turner v. Houma Mun. Fire & Police Civ. Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000). Qualified immunity does not apply to this case because Bills did not sue the defendants in their individual capacity.

However, "[a] suit against the Sheriff in his official capacity is a suit against the County." *Bennett v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996). Bills has not named Hardeman County as a defendant, nor has he pleaded facts to show an official policy, custom, or procedure that resulted in the deprivation of his rights. *See Webster v. City of Hou.*, 735 F.2d 838, 841 (5th Cir. 1984). Nowhere does the Complaint alleges facts that Defendants were policymakers or that an official policy existed in Hardeman County that caused the alleged violation of Bills's rights. *See* ECF No. 1. As a result, the official capacity claims against the defendants must be dismissed. *See Ramirez v. Killian*, No. 2:18-cv-107-D-BR, 2018 WL 6710674, at *4 (N.D. Tex. Nov. 5, 2018), *rec. adopted*, 2018 WL 6696486 (N.D. Tex. Dec. 20, 2018); *Contreras v. Zeke*, No. 5:21-cv-038-BQ, 2022 WL 3031003, at *4 (N.D. Tex. Mar. 9, 2022), *rec. adopted*, 2022 WL 3030547 (N.D. Tex. Aug. 1, 2022) (dismissing claims against a sheriff and officer of a jail in their official capacities when the county was not named as a defendant and the plaintiff did not allege *Monell* liability).

**E.      The Court dismisses Bills's claims with leave to amend.**

The decision to allow amendment of the pleadings is within the sound discretion of the Court. *Norman v. Apache Corp*., 19 F.3d 1017, 1021 (5th Cir.1994). In determining whether to allow an amendment of the pleadings, the Court considers: undue delay in the proceedings, undue

16

prejudice to the opposing parties, timeliness of the amendment, and futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982). "At some point, a court must decide that a plaintiff has had fair opportunity to make her case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792–93 (5th Cir. 1986); *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563 (5th Cir. 2003).

Although the Complaint fails to state a claim against Defendants upon which relief can be granted, the Court does not conclude that Bills has pleaded his best case or that further amendment would be futile. Accordingly, the Court grants him leave to file an Amended Complaint that addresses the deficiencies noted in this Memorandum Opinion and Order if he can do so.

## VI.     CONCLUSION

For these reasons, the Court **GRANTS** the defendant's Motion to Dismiss (ECF No. 4) and **DISMISSES** Bills's Complaint (ECF No. 1). The Court **GRANTS** Bills leave to file an Amended Complaint on or before July 17, 2025. If Bills does not file an Amended Complaint by that deadline, the Court will enter judgment against him in accordance with this Memorandum Opinion and Order.

It is so **ORDERED** on July 3, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

17